IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BEDFORD AND SOPHIA LOYALY,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-3861 |
| | § | |
| **THE TRAVELERS HOME AND MARINE** | § | |
| **INSURANCE COMPANY** | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant, The Travelers Home and Marine Insurance Company ("Travelers"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action Cause Number 19-DCV-265805; *Bedford and Sophia Loyaly v. The Travelers Home and Marine Insurance Company;* In the 400th Judicial District Court of Fort Bend County, Texas. In support of this Notice of Removal, Travelers respectfully represents the following:

1. Bedford and Sophia Loyaly ("Loyaly" or "Plaintiffs") commenced the captioned action by filing their Original Petition on August 23, 2019, in the 400th Judicial District Court of Fort Bend County, Texas (the "Petition").[1] Travelers was served on September 13, 2019.

2. Together with this Notice of Removal, Travelers is filing certified copies of all process, pleadings, orders, and the docket sheet from the 400th Judicial District Court of Fort Bend County.

3. Plaintiffs are individuals residing in Fort Bend County, Texas. The Petition alleges that Travelers is "an insurance company doing business in the State of Texas."[2] In fact, Travelers is a

---

[1] *See,* Exhibit "A," attached hereto and incorporated herein by reference as if set forth verbatim, that being a true and correct copy of Plaintiffs' Original Petition in Cause No. 19-DCV-265805; *Bedford and Sophia Loyaly v. The Travelers Home and Marine Insurance Company;* In the 400th Judicial District Court of Fort Bend County, Texas.

corporation organized under the laws of the State of Connecticut whose principal place of business is in the state of Connecticut.

4. In the Petition, Plaintiffs claim that "Plaintiffs owned the property at 18123 Sorrell Oaks Circle, Richmond, TX 77407 (the "Property") at all relevant times."[3] Further, in their Petition, Plaintiffs contend that "The property sustained significant windstorm damage when Hurricane Harvey struck the Houston, Texas area on or about August 27, 2017."[4] Plaintiffs also assert that "Defendant issued an insurance policy . . . covering the Property, which was in full force and effect at the time Harvey struck."[5] Plaintiffs contend "The Insurance Policy covered Plaintiffs' property for damage caused by windstorm, among other perils."[6] Plaintiffs contend they "have already incurred and will incur significant expenses to repair the windstorm damage that Harvey caused at the Property."[7] Also, Plaintiffs contend that they "notified the Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy."[8] Plaintiffs assert that "Defendant failed to pay Plaintiffs for covered windstorm damage to the Property caused by Harvey."[9]

5. Plaintiffs' contend that Travelers refused to pay to Plaintiffs the full proceeds owed under the Policy;[10] that Travelers misrepresented that the damage to the Property was not covered under the Policy;[11] that all Defendants failed to make an attempt to settle Plaintiffs' claim in a fair

---

[2] *See*, Petition, ¶ 2.
[3] *See*, Petition, ¶6.
[4] *See*, Petition, ¶7.
[5] *See*, Petition, ¶8.
[6] *See*, Petition, ¶10.
[7] See, Petition, ¶11.
[8] *See*, Petition, ¶12.
[9] *See,* Petition, ¶17.
[10] *See*, Petition, ¶¶22-23
[11] *See*, Petition, ¶25.

manner;[12] that all Defendants failed to explain to Plaintiffs the reason for their offer of an allegedly inadequate settlement;[13] that all Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time;[14] that Travelers failed to timely acknowledge Plaintiffs' claim, begin an investigation or request information reasonably necessary to investigate Plaintiffs' claim;[15] that Travelers failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information;[16] that Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay;[17] and that Travelers breached a common law duty of good faith and fair dealing.[18]

6.  Plaintiffs assert causes of action against Travelers based upon (1) alleged violations of Chapter 542 of the Texas Insurance Code; (2) alleged violations of Chapter 541 of the Texas Insurance Code; (3) breach of the duty of good faith and fair dealing; and (4) alleged violations of the Texas Deceptive Trade Practices/Consumers Protection Act.[19]

7.  Travelers does not admit the underlying facts as alleged by Plaintiffs in their Petition or as summarized above. Travelers expressly denies that they have any liability to Plaintiffs.

8.  This Notice of Removal is filed within 30 days of service of the Petition and is, therefore, timely under 28 U.S.C. § 1446 (b).

## DIVERSITY JURISDICTION

9.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete

---

[12] *See,* Petition, ¶38.
[13] *See,* Petition, ¶39.
[14] *See,* Petition, ¶45.
[15] *See,* Petition, ¶46.
[16] *See,* Petition, ¶46.
[17] *See,* Petition, ¶¶42-46.
[18] *See*, Petition, ¶¶47-53.
[19] *See*, Petition at pp. 5-9.

diversity of citizenship among the relevant parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.[20] Plaintiffs are citizens of the state of Texas and Travelers is a corporation organized under the laws of the State of Connecticut whose principal place of business is also in the state of Connecticut. Consequently, there is complete diversity of citizenship.

10. The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a). In the Petition, Plaintiffs "seek monetary relief over $200,000 but not more than $1,000,000."[21] Plaintiffs also seek additional and consequential damages, interest, exemplary damages, statutory trebling of damages, and attorneys' fees.[22] Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes.[23]

## REMOVAL PROCEDURE

11. The clerk of the 400th Judicial District Court of Fort Bend County, Texas has been provided notice of this Removal.

12. The following exhibits are attached hereto and incorporated herein by reference:

    a. Index of matters being filed;

    b. List of all parties and counsel of record; and

    c. Certified copies of all pleadings, process, and orders served upon defendants.

---

[20] *See*, Petition, ¶64.
[21] *Id.*
[22] *See,* Petition, ¶¶58-64 and "Prayer."
[23] *See, H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

**CONCLUSION**

13. Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Travelers hereby removes this case to this Court for trial and determination.

> Respectfully submitted,
>
> */s/ LaDonna G. Schexnyder*
> LaDonna G. Schexnyder
> Attorney-in-Charge
> Texas Bar No.: 24072938
> Federal ID No. 1096795
> LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
>   A LAW CORPORATION
> 801 Travis Street, Suite 1800
> Houston, Texas 77002
> Telephone: (713) 222-1990
> Facsimile: (713) 222-1996
> lschexnyder@lawla.com
>
> ATTORNEY-IN-CHARGE FOR TRAVELERS
> HOME AND MARINE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above pleading has been forwarded via electronic filing and/or facsimile, on this the 7th day of October, 2019 to:

Mr. Shane McClelland                Shane@hmtrial.com
The Law offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, TX 77494

> */s/ LaDonna G. Schexnyder*
> LaDonna G. Schexnyder