Filed
8/23/2019 12:57 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Autumn Dolnik

**19-DCV-265805**
Cause No. _____

| | | |
|---|---|---|
| BEDFORD AND SOPHIA LOYALY, | § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | Fort Bend County - 400th Judicial District Court |
| V. | § § | _____JUDICIAL DISTRICT |
| | § | |
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, | § § § | |
| Defendant. | § | FORT BEND COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Bedford and Sophia Loyaly ("Plaintiff"), and file this, their Original Petition and Request for Disclosure against Defendant The Travelers Home and Marine Insurance Company ("Defendant"), and in support thereof would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery in this matter under Level 3, in accordance with Texas Rule of Civil Procedure 190.4.

### PARTIES

1. At all relevant times, Plaintiffs owned a house at 18123 Sorrell Oaks Circle, Richmond, TX 77407.

2. Defendant is an insurance company doing business in the State of Texas and may be served with process by serving its agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.



1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

4. All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Fort Bend County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Fort Bend County, Texas. The damages being sought by Plaintiffs are in excess of the minimum jurisdictional requirements of this Court.

5. The Court has personal jurisdiction over Defendant because Defendant does business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

## PLAINTIFFS' LOSS

6. Plaintiffs owned the property at 18123 Sorrell Oaks Circle, Richmond, TX 77407 (the "Property") at all relevant times.

7. The Property sustained significant windstorm damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 27, 2017.

8. Defendant issued an insurance policy (Policy No. 0DFR24-600923498 633 1]) (the "Insurance Policy") covering the Property, which was in full force and effect at the time Harvey struck.

9. Plaintiffs had paid all premiums for the Insurance Policy when Harvey damaged Plaintiffs' property.

10. The Insurance Policy covered Plaintiffs' Property for damage caused by windstorm, among other perils.



2

11. Plaintiffs have already incurred and will incur significant expenses to repair the windstorm damage that Harvey caused at the Property.

12. Shortly after Harvey, Plaintiffs notified the Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

13. Defendant assigned an adjuster to investigate and adjust the loss.

14. The adjuster visited the property but failed to fully and fairly investigate the loss.

15. The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with recognized claims handling standards.

16. The adjuster improperly omitted and undervalued covered losses from windstorm damage caused by Harvey to the Plaintiffs' Property.

17. Defendant failed to pay Plaintiffs for covered windstorm damage to the Property caused by Harvey.

18. Plaintiffs submitted a damage assessment to the Defendant, seeking payment of the damaged property, less the policy deductible.

19. The amount sought by the Plaintiffs was based on a firsthand inspection and damage assessment prepared by Plaintiffs' experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiffs' experts found that the windstorm damage greatly exceeded the amount and scope of the Defendant's adjustment.

20. Defendant has unreasonably refused to acknowledge Plaintiffs' expert's damage assessment as a basis for coverage and has failed to issue payment based on said damage assessment.

21. Harvey windstorm caused every loss Plaintiffs have identified.



22. Defendant knows that Plaintiffs are entitled to payment of insurance proceeds under the terms of the homeowner's policy that Defendant issued for the items of loss that Plaintiffs have identified.

23. Defendant has no reasonable basis for refusing to pay for the Harvey windstorm losses for which Plaintiffs seek insurance proceeds.

24. Defendant's actions constitute a breach of the common law duty of good faith and fair dealing.

25. Defendant has knowingly and intentionally misrepresented Plaintiffs' insurance coverage to Plaintiffs to avoid complying with its contractual obligation to pay for Plaintiffs' covered losses due to Harvey windstorm damage.

26. Defendant's obstinate refusal to acknowledge its coverage responsibilities out of court has required Plaintiffs to file this action, thereby causing Plaintiffs and this Court to endure unnecessary burden, expense, and delay.

27. Plaintiffs have filed this suit to recover the amount owed under the Insurance Policy, which Defendant wrongfully denied.

## COUNT I
## BREACH OF CONTRACT

28. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

29. Plaintiffs and Defendant entered into a contract for insurance coverage when Plaintiffs purchased and Defendant issued the Insurance Policy.

30. Plaintiffs paid their policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained windstorm loss in August 2017.



31. Plaintiffs have complied with all obligations owed under the Insurance Policy, including conditions precedent to recovery.

32. Defendant, however, has breached its contractual obligations by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented in Plaintiffs' written demand for payment and supporting documents.

33. Defendant's improper denial has harmed Plaintiffs by denying the money to which Plaintiffs are entitled under the terms of the Insurance Policy.

## COUNT II
## VIOLATION OF TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES AND
## MISREPRESENTATION OF INSURANCE POLICY

35. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

36. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

37. Defendant's practice of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

38. Defendant's practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Insurance Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); § 541.061.



5

39. Defendant's practice of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40. Defendant's practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41. Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## COUNT III
## VIOLATION OF TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLAIMS

42. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code, Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

44. Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.



6

45. Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46. Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

## COUNT IV
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

47. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48. The Insurance Policy was an insurance contract that existed between the Plaintiffs and the Defendant. The Insurance Policy provided coverage for named windstorms during the life of the policy, providing coverage for dwelling.

49. As a party to the Insurance Policy contract, Defendant owed a duty of good faith and fair dealing to the Plaintiffs.

50. However, Defendant engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiffs.

51. By failing to timely and adequately assess the Plaintiffs' damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendant has acted arbitrarily, capriciously, in a manner inconsistent with the reasonable expectations of the Plaintiffs, and in violation of the duties of good faith and fair dealing.



52. For these reasons and others set out in this Petition, Defendant breached the duty of good faith and fair dealing owed to the Plaintiffs, proximately causing Plaintiffs to suffer damages, including economic damage and emotional distress caused by the denial.

53. Defendant is liable to Plaintiffs for compensatory, consequential, and punitive damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages and relief as this Court deems just and appropriate.

## COUNT V
## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/ CONSUMER PROTECTION ACT

54. Plaintiffs hereby repeat and incorporate by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

55. Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq.*, of the Texas Business and Commerce Code, provides additional protection to consumers who are victims of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation, and for attorneys' fees. Defendant's conduct in engaging in such acts and practices has resulted in actual and consequential damages to Plaintiffs and supports an award for treble damages.

56. Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a producing cause of Plaintiffs' damages described herein.

57. Plaintiffs are entitled to actual damages resulting from these violations of the law. These damages include the sums Defendant has wrongfully refused to pay and any consequential damages to Plaintiffs' economic welfare in the future, including any exacerbation of economic



condition occasioned by the delay in payment of these claims. Plaintiffs are also entitled to recovery of treble damages for Defendant's knowing violations.

## DAMAGES

58. The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiffs' property.

59. Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiffs are entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60. Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

62. As a result of Defendant's conduct described herein, Plaintiffs have been forced to retain the undersigned attorney to prosecute this action. Plaintiffs are entitled to recover reasonable attorneys' fees under any applicable statute.



63. Plaintiffs are entitled to the recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

64. Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

### REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose the materials described in T.R.C.P. Rule 194.2.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer, and that after a trial on the merits, Plaintiffs recover from Defendants damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorneys fees, costs of court, and all interest allowed by statute and common law and for such other relief to which Plaintiffs may be entitled, both in equity and at law.

Respectfully submitted,

August 21, 2019

s/ Shane McClelland
Shane McClelland
TX Bar# 24046383
Attorney-in-Charge for Plaintiff
The Law Offices of Shane McClelland
440 Cobia Drive, Suite 101
Katy, Texas 77494
Phone: (713) 987-7107
Fax:   (832) 827-4207
Email: Shane@hmtrial.com

*Attorney for Plaintiffs*

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This 7th day of October 20 19



BEVERLEY MCGREW WALKER
By Salena Jasso Deputy

10

Filed
8/23/2019 12:57 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Autumn Dolnik



# BEVERLEY MCGREW WALKER
## Fort Bend County District Clerk
### 301 Jackson, Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

# REQUEST FOR PROCESS
All sections must be completed for processing this request.

**Section 1:**
Cause No. __19-DCV-265805__

STYLE: __Bedford and Sophia Loyaly__ VS __The Travelers Home and Marine Insurance Company__

**Section 2:**
**Check Process Type:**

- [✓] Citation
- [ ] Citation by Posting
- [ ] Temporary Restraining Order
- [ ] Citation by Secretary of State
- [ ] Precept to Serve / Notice of Hearing
- [ ] Citation by Commissioner of Insurance
- [ ] Notice of Registration of Foreign Judgment
- [ ] Writ of _____
- [ ] Application for Protective Order / Temporary (Ex Parte) Protective Order
- [ ] Citation by Publication*:
  - [ ] **Daily**: Fort Bend Herald
  - [ ] **Once a Week**: Fort Bend Independent
  - [ ] Other: _____

\* In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices

- [ ] Other _____

**REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SUBPOENA APPLICATION FORM**

**Section 3:**
Title of Document/Pleading to be attached for service: _____
Plaintiff's Original Petition and Request for Disclosure

**Section 4: PARTIES TO BE SERVED** (Please type or print):

1. Name: __The Travelers Home and Marine Insurance Company__
   Address: __c/o Corporation Service Company, 211 E. 7th Street, Suite 620__
   City: __Austin__  State: __TX__  Zip: __78701__

2. Name: _____
   Address: _____
   _____ State: _____ Zip: _____

1 of 2

3. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

4. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

5. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

**Section 5**                                   Process Server- Court Records Research- 713-227-3353

**Check Service Type** – Additional Fees Apply**:**

☐ Fort Bend County – Constable*          ☐ Fort Bend County – Sheriff*

☐ Certified Mail                         ☐ Registered Mail (Out of Country)

* Fort Bend County Constable and Sheriff will <u>only</u> serve within their jurisdiction.

**Section 6 (<u>ONLY</u> if Section 7 does not apply)**
Please Note: Our office will use the e-Service email address registered with the Texas State Bar.

**Attorney Name:** Shane A. McClelland

Address: 440 Cobia Dr., Suite 101
         _____
                           Street/P.O. Box

Katy _____   TX _____   77494 _____
      City                  State           Zip

Telephone No. 713-987-7107   Bar No. 24046383

**Section 7 (<u>ONLY</u> if Section 6 does not apply)**

**Pro-Se Name:**_____

Address:_____
                          Street/P.O. Box

_____   _____   _____
     City               State              Zip

Telephone No._____ Email Address _____

**Pro-se Service Only:**

☐ e-Service*     ☐ Mail to Pro-se Party*     ☐ Hold for Pick up

*Service will be mailed/emailed directly to pro-se party requesting issuance.

2 of 2

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This 7th day of October 20 19

BEVERLEY MCGREW WALKER

By Salena Jasso   Deputy

**SERVICE FEE NOT COLLECTED BY DISTRICT CLERK**

THE STATE OF TEXAS

CITATION

TO: THE TRAVELERS HOME AND MARINE INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** filed on **August 23, 2019**, a default judgment may be taken against you.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-265805** and is styled:

**BEDFORD AND SOPHIA LOYALY VS THE TRAVELERS HOME AND MARINE INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

SHANE ALLISTER MCCLELLAND
LAW OFFICES OF SHANE MCCLELLAND PLLC
440 COBIA DRIVE SUITE 101
KATY TX 77494
713-987-7107

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 27th day of August, 2019.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: *Salena Jasso*
Deputy District Clerk **SALENA M JASSO**
Telephone: **(281) 341-3787**



ORIGINAL

19-DCV-265805            400th Judicial District Court
Bedford and Sophia Loyaly vs The Travelers Home and Marine Insurance Company

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.

Executed at _____, within the County of __

_____, at ____o'clock ___M. on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                 (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)



**ORIGINAL**

itation (Original Petition) issued to The Travelers Home and Marine Insurance Company on 8/27/2019.

**SERVICE FEE NOT COLLECTED BY DISTRICT CLERK**

THE STATE OF TEXAS

CITATION

TO: THE TRAVELERS HOME AND MARINE INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** filed on **August 23, 2019,** a default judgment may be taken against you.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-265805** and is styled:

**BEDFORD AND SOPHIA LOYALY VS THE TRAVELERS HOME AND MARINE INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

SHANE ALLISTER MCCLELLAND
LAW OFFICES OF SHANE MCCLELLAND PLLC
440 COBIA DRIVE SUITE 101
KATY TX 77494
713-987-7107

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 27th day of August, 2019.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
Deputy District Clerk **SALENA M JASSO**
Telephone: **(281) 341-3787**



SERVICE

19-DCV-265805                                400th Judicial District Court
Bedford and Sophia Loyaly vs The Travelers Home and Marine Insurance Company

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.

Executed at _____, within the County of __ _____, at ____o'clock ___M. on the _____ day of _____, 20__, by delivering to the within named _____ _____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
(First, Middle, Last)

my date of birth is_____, and my address is _____
(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

SERVICE

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This 7th day of October 20 19



BEVERLEY MCGREW WALKER
By Salena Jasso           Deputy

Filed
9/26/2019 2:07 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Autumn Dolnik

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

## THE STATE OF TEXAS

### CITATION

TO: THE TRAVELERS HOME AND MARINE INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** filed on **August 23, 2019**, a default judgment may be taken against you.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-265805** and is styled:

**BEDFORD AND SOPHIA LOYALY VS THE TRAVELERS HOME AND MARINE INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

SHANE ALLISTER MCCLELLAND
LAW OFFICES OF SHANE MCCLELLAND PLLC
440 COBIA DRIVE SUITE 101
KATY TX 77494
713-987-7107

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 27th day of August, 2019.**

DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Salena Jasso_
Deputy District Clerk SALENA M JASSO
Telephone: (281) 341-3787



**ORIGINAL**

19-DCV-265805                          400th Judicial District Court
Bedford and Sophia Loyaly vs The Travelers Home and Marine Insurance Company

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___M.

Executed at _____, within the County of __

_____, at ____o'clock ___M. on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                           (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                 (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)



**ORIGINAL**
itation (Original Petition) issued to The Travelers Home and Marine Insurance Company on 8/27/2019.

CAUSE NO. 19-DCV-265805

BEDFORD AND SOPHIA LOYALY
VS.

IN THE 400TH JUDICIAL DISTRICT COURT FOR FORT BEND COUNTY, TEXAS

THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, Barbara C. Stinnett (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is Barbara C. Stinnett (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: P.O. Box 684627, Austin TX 78768
(SERVER'S ADDRESS)

2. ON 09/12/19 (DATE) AT 09:40 (A) M (TIME)
CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE came to hand for delivery to THE TRAVELERS HOME AND MARINE INSURANCE COMPANY C/O CORPORATION SERVICE COMPANY.

3. ON 09/13/19 (DATE) AT 10:13 (A) M (TIME) - The above named documents were delivered to: THE TRAVELERS HOME AND MARINE INSURANCE COMPANY C/O CORPORATION SERVICE COMPANY by delivering to
Samantha Guerra - Designated Agent
(NAME AND TITLE), authorized agent for service @
211 E. 7th St. #620, Austin TX 78701
(ADDRESS), by CORPORATE Service

Barbara C. Stinnett
SIGNATURE
PSC# 1181  EXPIRATION: 07/31/20

Barbara C. Stinnett
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by Barbara C. Stinnett appeared on this 16 day of September, 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS



MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

2019.08.405270

I, BEVERLEY MCGREW WALKER, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas.
This 7th day of October 20 19



BEVERLEY MCGREW WALKER
By Salena Jasso  Deputy